**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

---

KENNETH ALGOOD,      )
             )
      **Plaintiff,**      )
             )
      **v.**      )      **Civil Action No. WGC-06-3270**
             )
BLOCKBUSTER INC.      )
             )
      **Defendant.**      )
             )

---

## MEMORANDUM OPINION

Pending before the Court and ready for resolution is Defendant Blockbuster Inc.'s

("Blockbuster") Motion to Enforce Settlement Agreement (Document No. 38). Plaintiff Kenneth

Algood did not respond and the deadline has elapsed. The issue before the Court is whether an

exchange of electronic messages ("e-mails") between the parties created a complete agreement

to settle this case. No hearing is deemed necessary and the Court now rules pursuant to Local

Rule 105.6 (D. Md. 2004).

## BACKGROUND

*Pro Se* Plaintiff Kenneth Algood initiated this lawsuit against his former employer,

Blockbuster, alleging race discrimination, sex discrimination, hostile work environment, and

retaliation, all in violation of Title VII of the Civil Rights Act. The parties have been engaged in

discovery. The Scheduling Order has been extended at least three times. Disputes regarding

discovery have arisen between the parties requiring resolution by the Court.

In the Order of April 30, 2007 (Document No. 23), the Court denied Blockbuster's

Motion for Sanctions.  The Court however strongly admonished Mr. Algood.  The Court

declined to extend any additional leniency to Mr. Algood.  The Court directed Mr. Algood

henceforth to comply with the Federal Rules of Civil Procedure and the Court's Scheduling

Order.  *See* Document No. 23.

On June 20, 2007, Blockbuster filed a notice of service of motion to compel, *see*

Document No. 26, which Blockbuster subsequently filed as an "official" Second Motion to

Compel and for Sanctions on July 10, 2007, *see* Document No. 31.  The next day Mr. Algood

filed a Motion for Extension of Time to File a Response to Blockbuster's Motion.  *See*

Document No. 32.  On July 18, 2007, Blockbuster filed a Response in Opposition.  *See*

Document No. 33.  On July 26, 2007, the Court granted Mr. Algood's motion and directed Mr.

Algood to file his response by August 1, 2007, explicitly stating that no additional extensions of

time will be granted.  The Court established August 15, 2007 as the deadline for Blockbuster's

reply.  *See* Document No. 34.

Unbeknownst to the Court, on the following day, July 27, 2007 at 4:27 p.m., Mr. Algood

sent an e-mail to Adam Garner, counsel for Blockbuster.

> This email is an attempt to bring closure to this case.  In this regard, I strongly feel that I have a strong case, specifically in regards to my retaliation claim.  I am confident in continuing this matter irregardless of any pending motions; however I am offering to end this lawsuit.  Nonetheless, I'm sure you are just as confident in continuing to litigate this matter on behalf of your client.
>
> However, due to several unrelated factors I feel that it would be in every one's best interest to bring closure in this matter.
>
> Should your client elect to entertain this offer, please don't hesitate to contact me so that we may agree to a joint motion to bring closure.
>
> I will be unavailable until Tuesday, at which time I will follow up

> with your client's response.  I hope you have a good weekend and I'll
> be in touch soon.

Document No. 38, Ex. A (E-mail from Algood to Garner of 7/27/07).

That same date, at 9:40 p.m., Mr. Garner sent the following response to Mr. Algood:

> Blockbuster accepts your offer to end this case.  We will proceed
> with preparing a stipulation of dismissal and will withdraw our
> motion to compel and request for sanctions.
>
> I will be in touch on Tuesday to finalize the dismissal.

*Id.*, Ex. B (E-mail from Garner to Algood of 7/27/07).

On July 30, 2007, Mr. Garner sent the following e-mail to Mr. Algood:

> Attached please find our proposed Stipulation of Dismissal with
> Prejudice and Withdrawal of Defendant's Second Motion to Compel
> and for Sanctions.  After you have had an opportunity to review the
> attached Stipulation, please provide your consent for us to sign it on
> your behalf.  We will then proceed with filing it with the Court and
> providing you a service copy by first class mail and email.
>
> Also, as a reminder, your Opposition to Blockbuster's Second
> Motion to Compel and for Sanctions is due Wednesday.  Thus, the
> Stipulation should be filed by that date to avoid having to respond to
> Blockbuster's Second Motion to Compel and/or the Court's ruling
> with respect to that Motion.

*Id.*, Ex. C (E-mail from Garner to Algood of 7/30/07).

On August 5, 2007, Mr. Algood sent the following response:

> I have reviewed your documents.  Everything appears to be fine,
> however I just realized that the email I sent you offering to end this
> whole process was one of two draft emails.
>
> The email that was sent to you should have had an "P.S." at the end;
> basically stating there were two requests for your client's
> consideration.  The first stating upon BBV[1] receiving any type of

---

[1] Block Buster Video

> employment check, BBV would provide a positive reference.  The
> second would be a payment of $10k.
>
> Should BBV agree to these two small requests, you have my
> permission to dismiss this case with prejudice.

*Id.*, Ex. C (E-mail from Algood to Garner of 8/5/07).

Unaware of these exchanges between the parties, on the following day, August 6, 2007, the Court granted in part, denied in part, and held in abeyance in part Blockbuster's Second Motion to Compel and for Sanctions.  *See* Document No. 35.  Mr. Algood did not file an Opposition even though the Court granted his request for an extension until August 1, 2007.  The Court ordered Mr. Algood to supplement his discovery responses by August 27, 2007, denied Blockbuster's request for inspection of property (to mirror image the hard drives of Mr. Algood's two laptop computers), and directed that, by August 27, 2007, Mr. Algood file a brief explaining why the Court should not sanction him in the amount of $250.00 for failing to abide by his discovery obligations.

The following day, August 7, 2007, Blockbuster filed correspondence acknowledging receipt of the previous day's Order, seeking the Court's guidance regarding the enforceability of a settlement agreement reached between the parties, and requesting a sixty (60) day extension of the Scheduling Order.  *See* Document No. 36.  In response to Blockbuster's correspondence the Court extended the Scheduling Order by sixty days, offered to refer the case to another United States Magistrate Judge for an expedited settlement conference if the parties so desired and, requested the parties fully brief the issue of the enforceability of the settlement agreement.  The Court  provided deadlines for filing the motion, response and reply.  *See* Order of August 7, 2007 (Document No. 37).

In accordance with the August 7, 2007 Order, Blockbuster filed its Motion to Enforce Settlement Agreement on August 24, 2007. *See* Document No. 38. Subsequently Blockbuster notified the Court that Mr. Algood had not supplemented his discovery responses by August 27, 2007 as ordered by the Court. Nor had Mr. Algood filed, by August 27, 2007, a brief explaining why he should not be sanctioned in the amount of $250.00. Therefore, in the Order of September 4, 2007, the Court prohibited Mr. Algood from introducing into trial or in support of or in opposition to a summary judgment motion the documents and responses Mr. Algood failed to produce and supplement by August 27, 2007. *See* Document No. 39. Furthermore, pursuant to Federal Rule of Civil Procedure 37(c)(1), the Court ordered Mr. Algood to pay Blockbuster $250.00. *Id.*

Mr. Algood's response to Blockbuster's Motion to Enforce Settlement Agreement was due September 7, 2007. More than one month has elapsed since this deadline. Mr. Algood has not filed a response. Blockbuster's Motion is unopposed.

## STANDARD OF REVIEW

In exercising its inherent authority to enforce a settlement agreement, "a district court (1) must find that the parties reached a complete agreement and (2) must be able to determine its terms and conditions." *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 540-41 (4th Cir. 2002) (citing *Moore v. Beaufort County*, 936 F.2d 159, 162 (4th Cir. 1991); *Ozyagcilar v. Davis*, 701 F.2d 306, 308 (4th Cir. 1983)). A settlement agreement is a contract. Thus, a district court must apply standard contract principles in resolving a motion to enforce a settlement agreement. *Hensley*, 277 F.3d at 540.

"If there is a factual dispute over the existence of an agreement . . . or over the

agreement's terms, the district court may not enforce a settlement agreement *summarily*." *Hensley*, 277 F.3d at 541 (citing *Alexander v. Industries of the Blind, Inc.*, 901 F.2d 40, 41 (4th Cir. 1990); *Millner v. Norfolk & W. Ry. Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981)). Under such circumstances a district court must conduct an evidentiary hearing and make findings of fact on the disputed issues. *Id.* The district court is prohibited from acting as the final arbiter of a settlement agreement, *i.e.*, resolving any disputes regarding the interpretation of a settlement agreement. *Ozyagcilar*, 701 F.2d at 308.

In order for a district court to enforce an agreement of a complete settlement, the parties must have, in fact, entered into a contract or an agreement. Under Maryland law there are four essential elements to a binding contract: (1) offer, (2) acceptance, (3) consideration, and (4) mutual assent. *Grimes v. Kennedy Krieger Institute, Inc.*, 366 Md. 29, 89, 782 A.2d 807, 843 (2001). An offer has to be definite and certain. *USEMCO, Inc. v. Marbro Co.*, 60 Md. App. 351, 360, 483 A.2d 88, 93 (1984) (citing *Peoples Drug Store v. Fenton*, 191 Md. 489, 494, 62 A.2d 273, 276 (1948)). An offer "must be made under circumstances evidencing an express or implied intention that its acceptance shall constitute a binding contract." *Id.* An acceptance occurs when the recipient agrees unconditionally to the definite and certain offer. Consideration means there is a benefit to the promisor or a detriment to the promisee. *Broaddus v. First Nat'l Bank*, 161 Md. 116, 122, 155 A. 309, 311 (1931). A contract is not binding without consideration. *Chernick v. Chernick*, 327 Md. 470, 479, 610 A.2d 770, 774 (1992). Finally, mutual assent is a concept whereby it appears "that the terms of the contract are in all respects definitely understood and agreed upon and that nothing is left for future settlement." *Peer v. First Fed. Sav. & Loan Ass'n*, 273 Md. 610, 614, 331 A.2d 299, 301 (1975).

**ANALYSIS**

In his July 27, 2007 e-mail, Mr. Algood offered to bring closure to the case which Mr.

Algood felt would be in the best interest of both parties.  "Should your client elect to entertain

this offer, please don't hesitate to contact me so that we may agree to a joint motion to bring

closure."  Document No. 38, Ex. A (E-mail from Algood to Garner of 7/27/07).  Mr. Algood

disclosed that he would be unavailable until Tuesday, July 31, 2007.  On that date Mr. Algood

intended to reply to Blockbuster's response.  The Court finds Mr. Algood made a definite and

certain proposal to Blockbuster's counsel indicating an intent to enter into a contract.  The first

element is established under Maryland law.  "Blockbuster accepts your offer to end this case."

*Id.*, Ex. B (E-mail from Garner to Algood of 7/27/07).  "The 'test of a true interpretation of an

offer or acceptance is not what the party making it thought it meant or intended to mean, but

what a reasonable person in the position of the parties would have thought it meant.'" *National*

*Fire Ins. Co. v. Tongue, Brooks & Co.*, 61 Md. App. 217, 225, 486 A.2d 212, 216 (1985)

(quoting *Ray v. Eurice*, 201 Md. 115, 127, 93 A.2d 272, 279 (1952) (quoting 1 S. Williston, *A*

*Treatise on the Law of Contracts*, § 94 (Jaeger 3d Ed/ 1957)).  The second element, acceptance,

is established under Maryland law when Blockbuster agreed unconditionally to Mr. Algood's

offer.   The third element that must be established is consideration.  In agreeing to accept Mr.

Algood's offer, Blockbuster would abandon obtaining a ruling on its second motion to compel

and for sanctions.  "We . . . will withdraw our motion to compel and request for sanctions." *Id.*

This constitutes a detriment to Blockbuster.  And, Mr. Algood, as promisor, received a benefit.

In the April 30, 2007 Order (Document No. 23), although the Court denied Blockbuster's motion

for sanctions, the Court strongly admonished Mr. Algood.  "The Court will not grant Plaintiff

any additional leniency.  In the future Plaintiff must comply with all deadlines imposed by the

Federal Rules of Civil Procedure and the Court's Scheduling Order."  Document No. 23.

Blockbuster's pending Second Motion to Compel and for Sanctions asserted Mr. Algood, despite

the Court's admonishment, failed to comply with the Federal Rules of Civil Procedure by not

supplementing his discovery responses as well as failing to respond to Blockbuster's First

Request for Inspection of Property.  Although Mr. Algood could not forecast with precision how

the Court would rule, Mr. Algood likely understood the Court could grant in whole or in part

Blockbuster's motion.  Further, considering the earlier admonishment from the Court, Mr.

Algood could reasonably believe he may be sanctioned.  Therefore, Blockbuster's abandonment

of its motion to compel and for sanctions, by accepting Mr. Algood's offer "to bring closure to

this case" would inure favorably to Mr. Algood.

The final element to establish a binding contract under Maryland law is mutual assent.

This element is commonly referred to as "the meeting of the minds."  Mr. Algood offered "to

bring closure to this case" and Blockbuster accepted his offer.  A reasonable person in the

position of Blockbuster would have assumed the offer, as made by Mr. Algood, was definite,

certain, and without any suggestions of anything left for future settlement.  The Court therefore

finds a binding contract existed between Mr. Algood and counsel for Blockbuster as of July 27,

2007 at 9:40 p.m. upon the transmission of Mr. Garner's e-mail.

On August 5, 2007, Mr. Algood informed Mr. Garner that he transmitted the wrong e-

mail.  Mr. Algood explained that he drafted two e-mails, one with a post script and one without a

post script.  Mr. Algood had intended to transmit the e-mail with the post script listing two

conditions to the offer "to bring closure to this case:"   (1) in all future employment checks or

8

verifications, Blockbuster would provide a positive reference and (2) Blockbuster would pay Mr.

Algood $10,000.  Document No. 38, Ex. C (E-mail from Algood to Garner of 8/5/07).  Although

Mr. Algood characterizes these two conditions as "small requests," the Court finds they are not.

These conditions substantially change the terms of the offer.  It is surprising that these conditions

would be listed as a post script rather than included in the body of the e-mail offering "to bring

closure to this case."  Mr. Algood concedes he made the mistake by transmitting the wrong e-

mail message (the one without the post script) and thus cannot claim the agreement reached with

Blockbuster on July 27, 2007 was procured by duress, illegality, fraud or the violation of a

fiduciary relationship.  The error in omitting two conditions for settling the case was Mr.

Algood's alone.  This unilateral error is not a basis for vacating an otherwise valid settlement

agreement.  *See Korangy v. Commissioner*, 893 F.2d 69, 71 (4th Cir. 1990).

The Court finds the parties reached a complete settlement on July 27, 2007.  The terms of

the settlement agreement are very basic — Mr. Algood offered to end the litigation.  If

Blockbuster accepted the offer than the parties would agree to a "joint motion to bring closure."

It is noteworthy that Mr. Algood found Blockbuster's proposed Stipulation of Dismissal with

Prejudice and Withdrawal of Blockbuster's Second Motion to Compel and for Sanctions

satisfactory.  Mr. Algood's only reservation concerned the post script conditions he failed to

transmit in the e-mail sent to Mr. Garner.  "Having second thoughts about the results of a valid

settlement agreement does not justify setting aside an otherwise valid agreement[.]"  *Hensley*,

277 F.3d at 540 (quoting *Young v. FDIC*, 103 F.3d 1180, 1195 (4th Cir. 1997)).

## CONCLUSION

For the above reasons, Blockbuster's Motion to Enforce Settlement Agreement will be

9

granted.  The Court will dismiss this case with prejudice.  A separate Order will follow.


October 16, 2007                                                    /s/
_____                        _____
     Date                                              WILLIAM CONNELLY
                                              UNITED STATES MAGISTRATE JUDGE